UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL MARR, | Case No. 1:07-cv-908 |
| Plaintiff, | Chief Judge Paul L. Maloney |
| v. | Magistrate Judge Carmody |
| KARL FOY, | |
| Defendant. | |

**Order**

**Affirming the Magistrate Judge's Order**
**(Denying Plaintiff's Motion for Appointment of Counsel)**

Plaintiff Michael Marr ("Marr") is incarcerated at a state correctional facility in Muskegon, Michigan, and defendant Karl Foy is employed as Classification Director and Transportation Coordinator at the maximum-security state correctional facility in Ionia, Michigan ("ICF"), where Marr was formerly incarcerated. *See* Amended Complaint filed August 2008 ("Am Comp") ¶¶ 1-2. In September 2007, Marr brought this action under 42 U.S.C. § 1983, claiming that Foy violated his First Amendment rights beginning on September 12, 2006. Comp ¶¶ 3-5. With extensions of time, Foy moved for summary judgment in February 2008, and Marr filed an opposition brief in May 2008. In August 2008, this court granted Marr's motion for leave to amend his complaint, accepted the amended complaint for filing, and denied as moot Foy's motion for summary judgment on the original complaint. In October 2008, Foy filed an answer to the amended complaint.

Marr's first amended complaint retains the First Amendment claim, but now also invokes the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1 *et seq.*, and the federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*  Am Comp ¶¶ 3-7.

Specifically, Marr alleges that during a classification interview in the presence of two other prisoners, Foy informed him that ICF was not designated as a Level II "kosher" facility under OP-05.03.150A Attachment A, and that ICF would not provide a separate room exclusively for preparation of kosher food.  Comp ¶¶ 5-6.  Marr further alleges that Foy berated him in front of the other prisoners for twenty minutes, stating that prisoners do not have any rights and that federal judges should not kow-tow to prisoners by giving them perks like kosher meals, and making anti-Jewish comments.  Comp ¶¶ 7-8.

Next, Marr alleges that in retaliation for exercising his First Amendment rights, Foy assigned him to the position of "midnight porter", even though Marr explained that he did not have the certification needed for that position and that working at such hours would cause him to sleep during the day (when he needed to research his case and attend religious study and worship sessions). Comp ¶¶ 9-11.  Marr began working in the new position on September 13, 2006, causing him to miss morning "sacred meal offerings" and preventing him from conducting research in support of a direct criminal appeal (which he wanted to pursue prior to filing a habeas corpus petition).  Comp ¶¶ 12 and 14.  In November 2006, Marr's supervisor recommended that he be assigned to another job because he was incompetent at the assigned job.  Foy denied the request, directed Marr to improve his performance, and responded with belittlement when Marr wrote a letter regarding the issue.  Comp ¶¶ 15-18.

Marr alleges that he pursued a grievance unsuccessfully, Comp ¶ 19, and that Foy denied his

supervisor's renewed request to assign Marr to a different job, instead instructing prison staff to teach Marr the needed skills. Comp ¶¶ 20-21. Marr alleges that he wrote a letter in January 2007 which Foy ignored, and that he again unsuccessfully pursued a grievance. Comp ¶¶ 22-23. Also in January 2007, Marr was transferred from Ionia to Muskegon, and he alleges that his custodial supervisor told him that the transfer was intended to separate him and defendant Foy. Comp ¶¶ 24-25.

Marr expresses concern that the two negative work reports from ICF, which he characterizes as retaliatory, may adversely affect parole determinations and any possible re-sentencing by the state trial court. Comp ¶ 26.

Marr's first amended complaint asserts claims for: Count One, retaliation for the exercise of his First Amendment rights, Am Comp ¶ 9; Count Two, intentionally substantially burdening his free exercise of his religion in violation of the First Amendment, the RLUIPA, and 42 U.S.C. § 1983, *see* Am Comp ¶ 10; Count Three, intentionally hindering his right of access to the courts, causing him to miss the deadline for filing a post-conviction motion in Michigan state court pursuant to MICH. COMP. LAWS § 6.500, *see* Am Comp ¶ 11; and Counts Four and Five, violating the federal and state constitutional oaths, *see* Am Comp ¶¶ 11-12. Marr's amended complaint sues Foy in his individual capacity only, *see* Am Comp ¶ 2. On each of the five counts, Marr seeks $20,000 in general damages, $10,000 in compensatory damages and $5,000 in punitive damages. He also seeks a declaration that Foy violated his rights while acting under color of state law – though he sues Foy only in his individual capacity – an award of costs and interest, and a trial by jury. Am Comp, Prayer for Relief.

In October 2007, the Magistrate Judge granted Marr's motion for leave to proceed *in forma pauperis* ("IFP") in this matter. Marr was charged an initial partial filing fee of $4.81, but the court permitted him to proceed without payment thereof because he lacked sufficient funds to pay, directing him to pay when funds became available. Funds were not promptly debited from Marr's prison account to pay the $4.81 initial partial filing fee. Marr appealed, contending that the Magistrate Judge's October 2007 IFP order and federal law obligated the prison to debit his account to pay the initial partial filing fee, no matter how low that causes the balance in Marr's prison account to go. By opinion and order issued October 29, 2008, the court agreed with Marr and reversed the Magistrate Judge's decision regarding debiting of his prison account to pay the initial partial filing fee.

Most recently, on October 22, 2008, the Magistrate Judge ordered that Marr submit to deposition. On November 13, 2008, Marr moved for the appointment of counsel to represent him at the deposition, alleging that he is suffering "severe depression" which impairs his cognitive abilities and will prevent him from proceeding ably against experienced state-government attorneys. The Magistrate Judge denied Marr's motion for appointment of counsel on November 17, 2008, and Marr timely "objected" on November 28, 2008. The court construes Marr's objections as an appeal. *See Fitts v. Sicker*, 232 F. App'x 436, 443 (6th Cir. 2007) ("Magistrate Judge Greeley held he could not order the MDOC to provide an address they did not possess. Accordingly, Fitts' motion to re-serve the complaint was denied. *Fitts filed objections to this order, which Judge McKeague construed as an appeal.*") (emphasis added), *cert. denied*, – U.S. –, 128 S.Ct. 891 (2008).

Because the Magistrate Judge's order ruled on a non-dispositive issue pursuant to 28 U.S.C. § 636(b)(1)(A) – not a dispositive matter pursuant to 28 U.S.C. § 636(b)(1)(B), this court may

disturb the Magistrate's order only if it was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A) and FED. R. CIV. P. 72(a). "This standard is necessarily deferential . . . ." *Welch v. Taylor*, 2008 WL 2743933, *1 (W.D. Mich. July 10, 2008) (Enslen, J.).

This court will find a magistrate's legal conclusion to be "contrary to law 'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *Kovats*, 2008 WL 2095423 at *1 (quoting *Botta v. Barnhart*, 475 F. Supp.2d 174, 179 (E.D.N.Y. 2007) (quoting *Catskill Dev., LLC v. Park Place Entertainment Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002))).

This court will find a magistrate's factual finding to be "'clearly erroneous when, although there may evidence to support it, the . . .court, [considering the entire evidence], is left with the definite and firm conviction that a mistake has been committed.'" *NEFT, LLC v. Border States Energy, LLC*, – F. App'x –, –, 2008 WL 4613577, *2 (6th Cir. Oct. 15, 2008) (Richard Allen Griffin, J.) (quoting *US v. Ellis*, 497 F.3d 606, 611 (6th Cir. 2007)); *see also Kovats v. State of Michigan*, 2008 WL 2095423, *1 (W.D. Mich. May 16, 2008) (Paul L. Maloney, J.) (citing *US v. US Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the clear-error standard of FED. R. CIV. P. 52(a)). This court's review of a Magistrate Judge's factual findings on a 28 U.S.C. § 636(b)(1)(A) referral is even more deferential than its review of her legal conclusions. *Burket v. Hyman Lippitt, P.C.*, 2006 WL 2309843, *2 (W.D. Mich. Aug. 9, 2006) (citing, *inter alia*, *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995) (Enslen, J.)).

As Marr concedes, there is no constitutional right to counsel in a civil case. *See Horacek v. Caruso*, 2008 WL 4820483, *4 (W.D. Mich. Oct. 30, 2008) (Paul L. Maloney, C.J.) (citing *Brown v. City of Detroit*, 47 F. App'x 339, 341 (6th Cir. 2002) (citing *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25-27 (1981))). More specifically, our Circuit has held that "there is no right to counsel

in prisoner civil-rights cases", *Bennett v. Smith*, 110 F. App'x 633, 635 (6th Cir. 2004) (citing *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996)), and "[t]he appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett*, 110 F. App'x at 635 (citing *Lavado v. Keohane*, 992 F.2d 601, 604-06 (6th Cir. 1993)).

For the reasons that follow, the court determines that the Magistrate Judge did not clearly err in any factual findings, nor did she makes any legal determinations that were contrary to law, in ruling that Marr has not shown any exceptional circumstances to warrant the appointment of counsel for his deposition or his case generally.

**First, the record does not compel the conclusion that Marr's alleged depression and cognitive impairments would render him unable** to participate effectively in his own deposition or be unable to adequately present his case absent the appointment of counsel. Marr presents no evidence that he has been adjudicated incompetent, and he has not alleged that he is insane or mentally retarded, or that any licensed medical psychologist or psychiatrist has diagnosed him with any severe psychological disorder. *Contrast Hetzel v. Swartz*, 917 F. Supp. 344, 345 n.2 and 346-47 (M.D. Pa. 1996) (appointing counsel for *pro se* former prisoner suffering from AIDS, reasoning, "The record sub judice indicates that the plaintiff is . . . very ill, is not very literate, and already has had substantial difficulty presenting his case to the court in a legally comprehensible fashion. It is noted that the plaintiff's handwritten brief in opposition to the motion to dismiss obviously was written by another individual (although the plaintiff signed it). [I]t is reasonable to conclude that his very poor health severely hinders his ability to perform discovery."). Marr presents no authority that a civil litigant's subjective allegations about his own emotional state, without more, can make it reversible error not to appoint counsel for him.

**Second, referring to our Circuit's five-factor test for appointment of counsel in a civil case, Marr asserts, "indirectly, Plaintiff also satisfied [factor number] 3** whereas if counsel were present he would be able to procure evidence as to direct witnesses in which [sic] Plaintiff cannot locate due to his incarceration." Marr's Objections at 3. The court declines to consider this argument for the appointment of counsel on an appeal from the Magistrate Judge's order, because it was not presented to the Magistrate Judge in the first instance. Marr himself states that "Plaintiff's motion was premised on factors 2 and 4 supra", *see* Marr's Objections at 3, not on factor 3.

In any event, "there is nothing exceptional concerning Plaintiff's incarceration or poverty that extraordinarily debilitates his ability to investigate crucial facts. These are ordinary and routine impediments to prisoner litigation." *Coates v. Kafczynski*, 2006 WL 416244, *1 (W.D. Mich. Feb. 22, 2006) (Enslen, J.) (citing *US v. Property Located at 1604 Oceola, Wichita Falls, Texas*, 803 F. Supp. 1194, 1998-99 (N.D. Tex. 1992) ("The Garcias are both in federal custody at this time, and the Court is aware that this imposes substantial burdens on them as claimants. They clearly lack the ability to personally investigate the claims of the government, depose its officers or freely cooperate with each other in the prosecution of their claims. This circumstance clearly favors the appointment of counsel. However, the Court is not convinced that this is enough to create exceptional circumstances.")). *Accord Boykin v. Davis*, 2008 WL 1805399, *2 (C.D. Ill. Apr. 18, 2008) (denying motion for appointment of counsel and noting, "The difficulties faced by the plaintiff are the same faced by all *pro se* prisoners."); *Sells v. McDaniel*, 2006 WL 2462897, *3 (D. Nev. Aug. 23, 2006) ("Plaintiff only argues that counsel should be appointed since he is in prison and needs someone to conduct discovery for him. This reasoning is insufficient . . . . Every inmate appearing *pro se* experiences the same difficulty.") (citing *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th

Cir. 1990)).[1]

**Third, Marr suggests that the Magistrate Judge somehow contradicted the prior order of this judge.** Marr argues as follows:

> Although the magistrate judge did not afford a specific analysis in the order, she did state that there was an absence [of] the factors which would presume any and all of the aforestated factors [sic]. This is disturbing as to factor one [whether the action presents a colorable claim for relief] because this Court already stated previously in an Order granting the motion [for leave] to amend [the complaint] that it found one or more claims that would state a claim upon which relief could be granted. Is the magistrate judge, by virtue of her Order[,] rebutting and nullifying the previous order? Such generalities in her opinion would imply so – which would be clearly erroneous.
>
> In fact, for the magistrate judge to thwart the Chief Judge's ruling through a separate order not bearing on the merits would more than result in a fundamental unfairness, it would exceed her judicial powers under 28 U.S.C. § 636, thus making her ruling contrary to law as well as clearly erroneous. A magistrate judge does not have the authority to nullify a District Judge's binding order.

Marr's Objections at 3. The court perceives no conflict between the Magistrate Judge's determination that Marr need not be appointed counsel and this court's prior order granting him leave to amend his complaint. The Magistrate Judge's order intimates no opinion as to the merits of Marr's claims.

The court also wishes to disabuse Marr of any notion that its order granting leave to amend the complaint constitutes a prediction that he is likely to succeed on the merits of the claims in the original or amended complaint. Before granting leave to amend a complaint, a court need make only a minimal assessment of the merits of any proposed new claims (or the extension of existing claims to new parties defendant or to new time periods). Namely, it must conclude that the proposed claims

---

[1] *Cf. Posey v. Liddell*, 2008 WL 4286501, *4 (N.D. Miss. Sept. 16, 2008) ("The mere fact that plaintiff is incarcerated does not mean that he is unable to adequately investigate his case.") (citing *Feist v. Jefferson Cty. Comm'rs Ct.*, 778 F.2d 250, 252-53 (5th Cir. 1985)).

are not "clearly futile" due to facial lack of merit, frivolousness, lack of jurisdiction, or other obvious legal defect. *See generally Bergmoser v. Smart Document Solutions, LLC*, 268 F. App'x 392, 396 (6th Cir. 2008) (Ryan, Batchelder, Griffin) ("A motion to amend is 'futile' if it would not withstand a Rule 12(b)(6) motion to dismiss [for failure to state a claim on which relief can be granted].") (citing *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420-21 (6th Cir. 2000)); *accord* 6 Wright, Miller & Kane, 6 FEDERAL PRACTICE & PROCEDURE CIV.2d § 1487 (Cum. Supp. Nov. 2008) ("If a proposed amendment is not clearly futile, then denial of leave to amend is improper.") (citing, *inter alia*, *Consumers Petroleum Corp. v. Texaco, Inc.*, 804 F.2d 907 (6th Cir. 1986)).[2]

Marr can obtain an arguably more-meaningful indicator of possible merit if his claims survive a motion for summary judgment, and even then, only if the summary-judgment motion addresses the merits of his claims and the inferences that a reasonable factfinder might draw from his factual allegations. *Cf. Sullivan v. Pramsteller*, 2006 WL 891657, *1 (E.D. Mich. Mar. 30, 2006) ("Except in rare circumstances, it is the practice of this Court to consider the appointment of counsel in prisoner civil rights cases only after a motion to dismiss or for summary judgment has been decided."); *Saylor v. Caruso*, 2006 WL 2884487, *3 (W.D. Mich. Oct. 10, 2006) (Enslen, J.) ("Given that Plaintiff's claims have survived summary judgment, the calculus as to the appointment of counsel changes . . . ."). Foy has not yet filed a motion for summary judgment as to the first amended complaint.

---

[2] *See, e.g., Bagsby v. Gehres*, 225 F. App'x 337, 355 (6th Cir. 2007) (because some of the proposed new claims were not futile as a matter of law, the district court erred in denying motion for leave to add those claims to the complaint).

**Fourth, it is of no avail for Marr to emphasize that he "will be forced to go against a specialist in depositions**, as evidenced from the Defendant's change in counsel where the pleadings became much more taxing and professional compared to that of the previous assistant attorney general." Objections at 4. One does not acquire a right to counsel in a civil case merely because one is proceeding *pro se* against a party represented by counsel. If that were the standard, nearly every *pro se* civil litigant would be entitled to appointment of counsel, and that is simply not the law. *See Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) ("Although a good lawyer may have done better than [pro se prisoner] Luttrell, that is not the test, for if it w[ere,] 'district judges would be required to request counsel for every indigent litigant.'") (quoting *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993)). This principle is not changed by the allegation that opposing counsel has particular expertise or experience in the conduct of depositions or any other aspect of litigation.

Moreover, Marr does not explain how the deposition would present such complex or confusing questions that he will be unable to answer them, honestly and completely, without the aid of a lawyer. *Cf. Lazaridis v. The Herald Co.*, 2006 WL 1307896, *1 (W.D. Mich. May 9, 2006) (Enslen, J.) (determining that plaintiff did not need counsel to comply with order to supplement the record, remarking, "[T]he Court's requests for information were not complex . . . it would have been easy for Plaintiff to appropriately respond. Accordingly, no exceptional circumstances warrant appointing counsel in this case.").

This is particularly true given Marr's demonstrated ability to file a well-written, well-organized complaint containing detailed factual allegations and asserting numerous coherent legal claims. *See, e.g.*, denying motions for appointment of counsel in civil cases: *Baker v. Meko*, 2008 WL 4889614, *6 (E.D. Ky. Nov. 12, 2008) ("Baker has demonstrated a sufficient ability to represent

himself in this matter, having filed a detailed complaint in which he articulated a long list of allegations and claims."); *Hochman v. Rafferty*, 1989 WL 200955, *7 (D.N.J. Oct. 19, 1989) ("A reading of plaintiffs' complaint and supporting papers indicates that they are capable of expressing themselves with sufficient clarity."); *cf. Jermosen v. Coughlin*, 878 F. Supp. 444, 447 (N.D.N.Y. 1995) ("Plaintiff has filed numerous motions to compel discovery and a motion for a stay pending discovery.").

**Fifth, Marr seeks to rely on the requirement that a party obtain leave of court in order to depose an incarcerated party.** Marr writes,

> How is it to be expected that a prisoner untrained in the law, suffering from depression which taxes the very ability of his cognitive resources, would be able to adequately participate in the tedious deposition process? Is not this there [sic] very reason that the Defendant was compelled to seek leave of the court prior to deposing Plaintiff? Apparently the court rule mandating the seeking of leave process is nothing more than a formality if the litigant[']s ability to proceed is not taken into consideration. Plaintiff requests a judicial interpretation of why leave must be sought prior to deposing an incarcerated individual as applied to FED. R. CIV. P. 30(a)(2) [and] as to the meaning of "fundamental unfairness" under 28 U.S.C. § 1915(a)(1).

Marr "is correct that the deposition of a person confined in prison may not be taken without leave of court." *Tolliver v. Liberty Mut. Fire Ins. Co.*, 2008 WL 4951792, *4 (S.D. Ohio Nov. 17, 2008) (citing FED. R. CIV. P. 30(a)(2)(B)); *see, e.g., Jones v. Caruso*, 2008 WL 544952 (W.D. Mich. Feb. 25, 2008) (Brenneman, U.S.M.J.) (granting defendant warden's motion for leave to depose plaintiff-prisoner in 42 U.S.C. § 1983 action). But Marr presents no authority suggesting that the rule is motivated by the enacting Congress's belief that a prisoner who lacks formal legal training is presumptively unable to participate in a deposition without representation by counsel – let alone that it would be unjust or unconstitutional to require an incarcerated party to submit to deposition without the aid of counsel. His citation of FED. R. CIV. P. 30(a)(2) is simply inapposite to a motion

for appointment of counsel.

**ORDER**

The court **AFFIRMS** the Magistrate Judge's Order of October 17, 2008 [document #53], which denied the plaintiff's motion for appointment of counsel [document #51].³

This is <u>not</u> a final and immediately appealable order. *Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757 (6th Cir. 1985) (*en banc*) (Bailey Brown, J.) and *id.* at 764 (Merritt, J., concurring) and *id.* at 764-65 (Contie, J., concurring); *see, e.g., Kibbe v. Humphrey*, No. 88-1497, 849 F.2d 1473, 1988 WL 61518 (6th Cir. June 13, 1988) (p.c.) (dismissing interlocutory appeal from denial of motion for appointment of counsel in civil case, for lack of jurisdiction) (citing *Henry*).⁴

**IT IS SO ORDERED this 3rd day of December 2008.**

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge

---

³ "Nor is this court obligated to hold the case in abeyance while [Marr] attempts to procure counsel." *Horacek v. Caruso*, 2008 WL 4820483, *5 n.5 (W.D. Mich. Oct. 30, 2008) (Paul L. Maloney, C.J.) (citing *Anderson v. Sheppard*, 856 F.2d 741, 751-52 (6th Cir. 1988) ("As to the denial of a continuance, we have here a matter which is quintessentially within a district judge's discretion. The constitutional law, and our cases, are quite clear on this point. A civil plaintiff has no right to appointed counsel. Plaintiff has a right to a counsel, if he can procure one, and the trial court may not prevent the appearance of such counsel. However, the trial judge is not required to wait any particular period of time while a party attempts to procure one.")).

⁴ *Accord Hill v. CCA, Inc.*, 189 F. App'x 693, 697 n.3 (10th Cir. 2006) (denial of motion to appoint counsel in civil case is interlocutory) (citing *Cotner v. Mason*, 657 F.2d 1390, 1391-92 (10th Cir. 1981)).