UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MARR,

       Plaintiff,                              Hon. Paul L. Maloney

v.                                                 Case No. 1:07 CV 908

KARL FOY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Foy's Motion for Summary Judgment. (Dkt. #77). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted** and Plaintiff's action **dismissed**.

## BACKGROUND

The following allegations are contained in Plaintiff's amended complaint. (Dkt. #34). During the time period relevant to this matter, Plaintiff was assigned "a midnight work assignment." On November 21, 2006, Plaintiff's prison work supervisor recommended that Plaintiff be terminated from his work assignment. On January 14, 2007, Plaintiff's work supervisor again recommended that Plaintiff be terminated from his work assignment. Defendant Foy, however, declined to terminate Plaintiff from his work assignment.

Plaintiff now sues Defendant Foy, alleging that his failure to terminate him from his prison job substantially burdened his ability to practice his religion. Plaintiff further alleges that

Defendant Foy refused to terminate him from his prison job as retaliation for filing grievances against Defendant. Plaintiff also asserts that by failing to terminate him from his prison work assignment, Defendant Foy violated his right of access to the courts. Plaintiff seeks declaratory and monetary damages. Defendant Foy now moves for summary judgment. Plaintiff has failed to respond to Defendant's motion, despite being afforded a lengthy extension of time within which to respond. As discussed below, the undersigned recommends that Defendant's motion be granted and Plaintiff's action dismissed.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party has met its burden of production, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue

for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the nonmoving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

## ANALYSIS

**I.        RLUIPA Claim**

Plaintiff asserts that Defendant Foy, by failing to terminate him from his prison work assignment, violated his right to freely exercise his religion as protected by the Religious Land Use and Institutionalized Persons Act (RLUIPA).

In relevant part, RLUIPA prohibits any government from imposing a "substantial burden on the religious exercise" of a prisoner, unless such burden constitutes the least restrictive means of furthering a compelling governmental interest. 42 U.S.C. § 2000cc-1(a). RLUIPA does not define the phrase "substantial burden." Nonetheless, courts have concluded that a "burden" on religious exercise is "substantial" only where such imposes "a significantly great restriction or onus upon such exercise" which "directly coerces the religious adherent to conform his or her behavior accordingly." *Sanders v. Ryan*, 484 F.Supp.2d 1028, 1034 (D. Ariz. 2007) (quoting *Warsoldier v. Woodford*, 418 F.3d 989, 995 (9th Cir. 2005)); *Konikov v. Orange County, Florida*, 410 F.3d 1317, 1323 (11th Cir. 2005).

To come within the scope of RLUIPA the burden in question must render religious exercise "effectively impracticable." *Marshall v. Frank*, 2007 WL 1556872 at *5 (W.D. Wis., May 24, 2007) (quoting *Civil Liberties for Urban Believers v. City of Chicago*, 342 F.3d 752, 761 (7th Cir. 2003)); *see also*, *Cutter v. Wilkinson*, 544 U.S. 709, 720 (2005) (recognizing that RLUIPA's institutionalized persons provision was intended to alleviate only "exceptional" burdens on religious exercise). Moreover, a burden is less than "substantial" where it imposes merely an "inconvenience on religious exercise." *See, e.g., Konikov*, 410 F.3d at 1323. These conclusions recognize that RLUIPA was not intended to create a cause of action in response to every decision which serves to inhibit or constrain religious exercise, as such would render meaningless the word "substantial." *See Civil*

*Liberties for Urban Believers*, 342 F.3d at 761. Plaintiff bears the burden to establish that his ability to exercise his religion has been substantially burdened. *See Kaufman v. Schneiter*, 474 F.Supp.2d 1014, 1025 (W.D. Wis. 2007).

In his amended complaint, Plaintiff alleges that because he was "forced. . .to maintain a midnight work assignment," he was deprived of the right to "attend his Sacred Meal Offerings at the Altar in the mornings" and "offer his thrice daily prayers," which caused him "to suffer curses from the Heavens above." When he was deposed, Plaintiff testified that the "Sacred Meal Offerings" referred to nothing more than eating his breakfast, lunch, and dinner. (Dkt. #78, Exhibit C at 11-12). Plaintiff testified that his work assignment schedule was from 10:00 p.m. until 8:00 a.m., but that "they let us go around 6:00 a.m.," which according to Plaintiff was well before breakfast was served. (Dkt. #78, Exhibit C at 12). At most, Plaintiff's allegations and the evidence submitted by Defendant reveals that Plaintiff's ability to eat and pray were merely inconvenienced. The undersigned, therefore, recommends that Defendant is entitled to summary judgment as to this claim.

**II.     Retaliation Claim**

Plaintiff asserts that on September 28, 2006, he filed a grievance "regarding Defendant Foy's involvement as a transportation coordinator to keep Plaintiff at a non-kosher designated level II facility." On November 21, 2006, Plaintiff's prison work supervisor recommended that Plaintiff be terminated from his work assignment. On December 4, 2006, Plaintiff filed a grievance against Defendant Foy for his "wanton and deliberate refusal to terminate [Plaintiff from his] work position on November 22, 2006." On January 14, 2007, Plaintiff's work supervisor again recommended that Plaintiff be terminated from his work assignment. Defendant Foy, however, declined to terminate

Plaintiff from his work assignment. Plaintiff asserts that Defendant Foy refused to terminate him from his work assignment as retaliation for filing the aforementioned grievances.

The elements of a First Amendment retaliation claim are well known: (1) Plaintiff was engaged in constitutionally protected conduct, (2) Plaintiff suffered adverse action which would deter a person of "ordinary firmness" from continuing to engage in such protected conduct, and (3) there exists a causal connection between the protected conduct and the adverse action - in other words, the adverse action was motivated at least in part by Plaintiff's protected conduct. *See Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)).

Defendant does not contest that Plaintiff was engaged in protected conduct. With respect to the second element, however, Defendant asserts that Plaintiff did not suffer an adverse action. The undersigned agrees. An official action is deemed "adverse" only if it could "deter a person of ordinary firmness from the exercise of the right at stake." *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002). In "most cases, the question of whether an alleged retaliatory action poses a sufficient deterrent threat to be actionable will not be amenable to resolution as a matter of law." However, "certain threats or deprivations are so de minimis that they do not rise to the level of being constitutional violations." Thus, where the claimed retaliatory action is "truly inconsequential," summary judgment is appropriate. *Id.*

To find that Defendant's decision not to terminate Plaintiff from his prison work assignment constitutes an adverse action of constitutional magnitude would utterly trivialize the First Amendment. Plaintiff asserts that Defendant's action was adverse because his failure to terminate his employment, caused Plaintiff to receive poor work performance reviews. As Defendant correctly observes, he played no role in the decision by Plaintiff's supervisor, a man named James Barker, to poorly rate Plaintiff's work performance. (Dkt. #78, Exhibits A-B). Furthermore, Plaintiff received a

poor work performance evaluation before Defendant decided not to terminate Plaintiff. Defendant Foy simply declined to accept Barker's recommendation to terminate Plaintiff from his position, observing that "buffing, waxing, etc. isn't rocket science," and instead instructing Barker to "work with" Plaintiff and "teach him how to do his assignment." (Dkt. #78, Exhibits A-B). The undersigned, therefore, finds that Plaintiff has not suffered an adverse action.

Even if Plaintiff did suffer an adverse action, his claim fails because he cannot demonstrate the requisite causal connection. As courts recognize, retaliation is "easy to allege" and "can seldom be demonstrated by direct evidence." *Huff v. Rutter*, 2006 WL 2039983 at *7 (W.D. Mich., July 19, 2006) (quoting *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987)). Nevertheless, "bare allegations of malice" are insufficient to state a constitutional claim, as Plaintiff must instead establish "that his protected conduct was a motivating factor" behind the allegedly retaliatory action taken. *Thaddeus-X*, 175 F.3d at 399 (citations omitted); *see also*, *Desmone v. Adams*, 1998 WL 702342 at *3 (6th Cir., Sep. 23, 1998) ("[a] claim of retaliation must include a chronology of events from which retaliation may plausibly be inferred"). Plaintiff has not alleged facts from which retaliation can plausibly be inferred, but instead simply asserts the conclusion that Defendant Foy's decision not to terminate him was motivated by grievances he allegedly filed. Accordingly, the undersigned recommends that Defendant Foy is entitled to summary judgment as to this claim.

### III. Denial of Access to the Courts

Plaintiff next alleges that Defendant Foy, by not terminating his prison work assignment, violated his right of access to the courts. Specifically, Plaintiff alleges that Defendant "forced Plaintiff to maintain a midnight work assignment knowing that it would prevent Plaintiff from being able to

prepare and properly (timely) file his State post-conviction motion [MCR 6.500] so it could have been incorporated in the federal habeas petition within the time prescribed under the AEDPA, thus causing Plaintiff to ultimately miss his opportunity to file said motion where it would be cognizable in federal court when it is inevitably denied by the State Court."

The First Amendment protects every inmate's right of access to the courts, however, this protection extends only to "direct appeals, habeas corpus applications, and civil rights claims." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (citing *Lewis v. Casey*, 518 U.S. 343, 355 (1996)). To state a claim for denial of access to the courts, a prisoner must allege that he suffered "an actual litigation related injury or legal prejudice because of the actions of the defendants." *Erdman v. Martin*, 52 Fed. Appx. 801, 803 (6th Cir., Dec. 12, 2002) (citing *Casey*, 518 U.S. at 349-51); *see also*, *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (to state a claim for denial of access to the courts, Plaintiff must allege that he suffered an "actual injury," such as "the late filing of a court document or the dismissal of an otherwise meritorious claim").

Plaintiff has failed to allege that he has suffered an actual litigation injury. As Defendant correctly notes, the Michigan Court Rules do not articulate a time frame within which a motion for relief from judgment must be filed. *See* Michigan Court Rule 6.502. Moreover, while Plaintiff suggests that he desired to file a motion for relief from judgment in state court as part of a federal court petition for writ of habeas corpus, Plaintiff has not alleged that he has filed a habeas petition or that his ability to obtain relief on any such petition has been thwarted by his alleged inability to file a 6.500 motion in state court. Plaintiff has also failed to articulate how Defendant's decision to not terminate his prison work assignment (pursuant to which Plaintiff worked only 8 hours daily) caused him to suffer a litigation injury. Merely being employed for 8 hours daily is not sufficient to state a claim for denial of access to

the courts. Plaintiff indicated during his deposition that he wanted to be relieved from the obligation to work so that he could spend all of his time in the law library. While Plaintiff's work assignment may not have been to his liking, Plaintiff has failed to allege how any action by Defendant Foy caused him to suffer an actual litigation injury. Accordingly, the undersigned recommends that Defendant Foy is entitled to relief as to this claim.

**IV.        Constitutional Oath Claims**

Plaintiff also asserts that by engaging in the alleged misconduct discussed in Sections I-III above, Defendant violated his oaths under the United States Constitution and the Michigan Constitution. These claims are nothing more than a reiteration of the other claims in Plaintiff's complaint which are addressed above. Therefore, the undersigned recommends that these claims be dismissed for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, - - - U.S. - - -, 129 S.Ct. 1937 (2009).

**CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant Foy's Motion for Summary Judgment, (dkt. #77), be **granted** and Plaintiff's action **dismissed**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: January 4, 2010

 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge