UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL MARR, | Case No. 1:07-cv-908 |
| Plaintiff, | Chief Judge Paul L. Maloney |
| v. | Magistrate Judge Carmody |
| KARL FOY, | |
| Defendant. | |

**Opinion and Order**
*" Marr IV "*

Affirming the Magistrate Judge's Order of January 4, 2010
(Denying Plaintiff's Motion to Stay the Case)

Taking the January 4, 2010 R&R and Plaintiff's Objections under Advisement;
Directing the Defendant to Investigate and Report on Plaintiff's Missing Case File

Plaintiff Michael Marr ("Marr") is incarcerated at a state correctional facility in Muskegon, Michigan, and defendant Karl Foy is employed as Classification Director and Transportation Coordinator at the maximum-security state correctional facility in Ionia, Michigan ("ICF"), where Marr was formerly incarcerated. *See* Amended Complaint filed August 2008 ("Am Comp") ¶¶ 1-2. In September 2007, Marr brought this action under 42 U.S.C. § 1983, claiming that Foy violated his First Amendment rights beginning in September 2006. Comp ¶¶ 3-5. With extensions of time, Foy moved for summary judgment in February 2008, and Marr filed an opposition brief in May 2008. In August 2008, this court granted Marr's motion for leave to amend his complaint, accepted the amended complaint for filing, *see* Doc. No. 34, and denied as moot Foy's motion for summary

judgment on the original complaint. In October 2008, Foy filed an answer to the amended complaint, *see* Doc. No. 41, and the Magistrate Judge granted Foy leave to take Marr's deposition in prison, *see* Doc. No. 47.

Marr's first amended complaint retains the First Amendment claim, but now also invokes the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1 *et seq.*, and the federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* Am Comp ¶¶ 3-7.

Specifically, Marr alleges that during a classification interview in the presence of two other prisoners, Foy informed him that ICF was not designated as a Level II "kosher" facility under OP-05.03.150A Attachment A, and that ICF would not provide a separate room exclusively for preparation of kosher food. Am Comp ¶¶ 5-6. Marr further alleges that Foy berated him in front of the other prisoners for twenty minutes, stating that prisoners do not have any rights and that federal judges should not kow-tow to prisoners by giving them perks like kosher meals, and making anti-Jewish comments. Am Comp ¶¶ 7-8.

Next, Marr alleges that in retaliation for exercising his First Amendment rights, Foy assigned him to the position of "midnight porter", even though Marr explained that he did not have the certification needed for that position and that working at such hours would cause him to sleep during the day (when he needed to research his case and attend religious study and worship sessions). Am Comp ¶¶ 9-11. Marr began working in the new position on September 13, 2006, causing him to miss morning "sacred meal offerings" and preventing him from conducting research in support of a direct criminal appeal (which he wanted to pursue prior to filing a habeas corpus petition). Am Comp ¶¶ 12 and 14. In November 2006, Marr's supervisor recommended that he be assigned to another job because he was incompetent at the assigned job. Foy denied the request, directed Marr to improve his performance, and responded with belittlement when Marr wrote a letter regarding the issue. Am

Comp ¶¶ 15-18.

Marr alleges that he pursued a grievance unsuccessfully, Am Comp ¶ 19, and that Foy denied his supervisor's renewed request to assign Marr to a different job, instead instructing prison staff to teach Marr the needed skills. Am Comp ¶¶ 20-21. Marr alleges that he wrote a letter in January 2007 which Foy ignored, and that he again unsuccessfully pursued a grievance. Am Comp ¶¶ 22-23. Also in January 2007, Marr was transferred from Ionia to Muskegon, and he alleges that his custodial supervisor told him that the transfer was intended to separate him and defendant Foy. Am Comp ¶¶ 24-25.

Marr expresses concern that the two negative work reports from ICF, which he characterizes as retaliatory, may adversely affect parole determinations and any possible re-sentencing by the state trial court. Am Comp ¶ 26.

Marr's first amended complaint asserts claims for:

- Count One, retaliation for the exercise of First Amendment rights, Am Comp ¶ 9;

- Count Two, intentionally substantially burdening the free exercise of his religion, in violation of the First Amendment, RLUIPA, and 42 U.S.C. § 1983, Am Comp ¶ 10;

- Count Three, intentionally hindering his right of access to the courts, causing him to miss the deadline for filing a post-conviction motion in Michigan state court pursuant to MICH. COMP. LAWS § 6.500, Am Comp ¶ 11;

- Counts 4 & 5, violating federal and state constitutional oaths, Am Comp ¶¶ 11-12.

Marr's amended complaint sues Foy in his individual capacity only, *see* Am Comp ¶ 2. On each of the five counts, Marr seeks $20,000 in general damages, $10,000 in compensatory damages and $5,000 in punitive damages. He also seeks a declaration that Foy violated his rights while acting under color of state law – though he sues Foy only in his individual capacity – an award of costs and interest, and a trial by jury. Am Comp, Prayer for Relief.

In October 2007, the Magistrate granted Marr's motion for leave to proceed *in forma pauperis* ("IFP") in this matter. Marr was charged an initial partial filing fee of $4.81, but the court permitted him to proceed without payment thereof because he lacked sufficient funds to pay, directing him to pay when funds became available. Funds were not promptly debited from Marr's prison account to pay the $4.81 initial partial filing fee. Marr appealed, contending that the Magistrate's October 2007 IFP order and federal law obligated the prison to debit his account to pay the initial partial filing fee, no matter how low that causes the balance in Marr's prison account to go. In October 2008, this court agreed with Marr and reversed the Magistrate's decision regarding debiting of his prison account to pay the initial partial filing fee. *See Marr v. Foy*, No. 1:2007-cv-908, 2008 WL 6716272 (W.D. Mich. Oct. 29, 2008) (Maloney, C.J.) ("*Marr1*").

On October 22, 2008, the Magistrate ordered that Marr submit to deposition. On November 13, 2008, Marr moved for the appointment of counsel to represent him at the deposition, alleging that he is suffering "severe depression" which impairs his cognitive abilities and will prevent him from proceeding ably against experienced state-government attorneys. The Magistrate denied Marr's motion for appointment of counsel on November 17, 2008, and Marr timely "objected" on November 28, 2008. The court construed Marr's objections as an appeal. *See Fitts v. Sicker*, 232 F. App'x 436, 443 (6th Cir. 2007) ("Magistrate Judge Greeley held he could not order the MDOC to provide an address they did not possess. Accordingly, Fitts' motion to re-serve the complaint was denied. *Fitts filed objections to this order, which Judge McKeague construed as an appeal*.") (emphasis added), *cert. denied*, – U.S. –, 128 S.Ct. 891 (2008). In December 2008, this court affirmed the Magistrate Judge's ruling denying Marr's motion for appointment of counsel, *see Marr v. Foy*, No. 1:2007-cv-908 Doc. No. 56, 2008 WL 5111849 (W.D. Mich. Dec. 3, 2008) (Maloney, C.J.) ("*Marr 2*").

Standard of Review on Appeal from the United States Magistrate Judge.

A motion seeking to stay a case is a nondispositive motion as defined by this District's Local Civil Rules. *See* W.D. MICH. LCIVR 7.2(a) (defining dispositive motion) and W.D. MICH. LCIVR 7.2(b) (defining nondispositive motion as any motion not listed in the definition of dispositive motions). *See also Sims v. First Horizon Nat'l Corp.*, 2009 WL 1789090, *3 (**W.D. Tenn.** June 23, 2009) (S. Thomas Anderson, J.) (referring to "'nondispositive' preliminary matters such as discovery motions and *motions to stay*," and applying standard of review governing magistrate rulings on nondispositive motions) (emphasis added); *Hoop v. Andrews*, 2009 WL 1357468, *1 (**S.D. Ohio** May 13, 2009) (Merz, J.) ("A motion to stay in these circumstances is a pretrial nondispositive nondispositive motion which a magistrate judge may decide.").

Because the Magistrate's order ruled on a non-dispositive issue pursuant to 28 U.S.C. § 636(b)(1)(A) – not a dispositive matter pursuant to 28 U.S.C. § 636(b)(1)(B), this court may disturb the Magistrate's order only if it was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A) and FED. R. CIV. P. 72(a). "This standard is necessarily deferential . . . ." *Welch v. Taylor*, 2008 WL 2743933, *1 (W.D. Mich. July 10, 2008) (Enslen, J.).

This court will find a magistrate's legal conclusion to be "contrary to law 'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *Kovats*, 2008 WL 2095423 at *1 (quoting *Botta v. Barnhart*, 475 F. Supp.2d 174, 179 (E.D.N.Y. 2007) (quoting *Catskill Dev., LLC v. Park Place Entertainment Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002))).

This court will find a magistrate's factual finding to be "'clearly erroneous when, although there may evidence to support it, the . . .court, [considering the entire evidence], is left with the definite and firm conviction that a mistake has been committed.'" *NEFT, LLC v. Border States Energy, LLC*, – F. App'x –, –, 2008 WL 4613577, *2 (6th Cir. Oct. 15, 2008) (Richard Allen Griffin,

J.) (quoting *US v. Ellis*, 497 F.3d 606, 611 (6th Cir. 2007)); *see also Kovats v. State of Michigan*, 2008 WL 2095423, *1 (W.D. Mich. May 16, 2008) (Paul L. Maloney, J.) (citing *US v. US Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the clear-error standard of FED. R. CIV. P. 52(a)). This court's review of a Magistrate Judge's factual findings on a 28 U.S.C. § 636(b)(1)(A) referral is even more deferential than its review of her legal conclusions. *Burket v. Hyman Lippitt, P.C.*, 2006 WL 2309843, *2 (W.D. Mich. Aug. 9, 2006) (citing, *inter alia*, *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995) (Enslen, J.)).

**For the reasons that follow, the court will affirm the Magistrate's decision to deny a stay of the case. In its entirety, Marr's motion asked the court to stay the case**

> until reacquisition of the case file, due to the fact that Michigan Department of Corrections personnel misplaced Plaintiff's legal property consisting of the matter herein while transporting him through a series of facilities. At this juncture Plaintiff has not one paper other than two orders recently issued. Plaintiff refers this Court to the particulars within the annexed Sworn Affidavit . . . .

Document No. 88 at 1. Marr's affidavit, in turn, merely speculates that he was transferred from the Newberry, Michigan prison to the Muskegon, Michigan prison from October 8-12, 2009 because officials at the latter facility had "put a contract on" his life, and alleges that when prison personnel returned his personal property to him on October 16, 2009, they did not return his file in the instant case. *See* Document No. 89 at 1. Not surprisingly, the Magistrate Judge found these assertions unpersuasive as a basis for staying a case that was already more than two years old; the Magistrate rested in particular on the fact that she had previously granted Marr a lengthy extension of time in which to respond to the summary-judgment motion. In its entirety, the substance of Marr's objection reads as follows:

> The magistrate judge clearly erred and ruled contrary to law when she stated that there is no legitimate basis for staying the present case following the MDOC's callous loss of the case in which [sic] he was preparing for trial. The fact that the case has been

> pending for over two years has nothing to do with Plaintiff, and although he has not had possession of the file, he distinctly recalls that it took over three months for the Summons to be issued and then several months for the DAG to respond to several motions, especially after the authorization of an amendment to the complaint. There is no delay attributable to plaintiff, but rather the court in ruling, which is most likely due to volume of more pressing cases, in the Court's opinion.
>
> If plaintiff recalls correctly, the DAG raised genuine issues of material fact in the qualifications of plaintiff to operate the machinery and something about whether the supervisor (James Barker) did not request termination from employment. There was additionally partial deposition pages which plaintiff enjoys a right to rebut by affidavit. (The supporting authority to this issue was also in the file that was "misplaced" by MDOC[,] and the present facility has a very inadequate law library which employs idiots whereas it takes 45 minutes to locate a bar journal). Plaintiff Marr needs the file in order to know exactly what facts he needs to contest. For the Court to disregard that is a clear error, unless there is evidence that Marr has some sort of photographic memory.
>
> To compound the issue, Marr's request was supported under Oath of a FACT that his life was at peril due to a contract by administrators. This was established at a hearing before an ALJ and should not be the subject of ridicule by the magistrate, rather it should be viewed seriously wherein the current state of retaliation is growing wherein civil servants are ready to have plaintiff killed to silence his criticism of their corruption and incompetence.
>
> If that stress is not enough for the Court to discern a cause for further delay, juxtaposed with the malicious loss of the legal files, he has no clue as to what would constitute evidence of sufficient cause . . . perhaps plaintiff's death at the hands of tyrants? Please provide guidance o[n] this issue.

Petitioner's Appeal from MJ's January 4, 2010 Ruling (Doc. No. 95) at 2-3 (last paragraph break added). Marr identifies no precedent or logic compelling the conclusion that it is wrong to refuse to stay a fairly long-running civil case based on a prisoner's unsubstantiated allegation that prison authorities destroyed or deliberately lost his legal case file – particularly when the prisoner's credibility on the issue is severely undermined by the fantastical allegations accompanying the lost-file allegation.

Moreover, the Magistrate's refusal to accept Marr's lost-file allegation as both true and

sufficient to require a stay, tends to be supported by the fact that Marr does not claim that he even tried to reconstruct the allegedly destroyed file by asking this court or opposing counsel for copies of the necessary documents. *Contrast Lara v. Correctional Med. Servs., Inc.*, 2009 WL 3418203, *1 (D. Idaho Oct. 20, 2009) ("Before Defendants [prison employees] filed their motion [for summary judgment on *pro se* prisoner's section 1983 claims], Plaintiff moved for a stay, alleging that prison authorities had misplaced his case file during a transfer between facilities. Nonetheless, Plaintiff filed a response on June 9 . . . . Plaintiff later informed the court that he had able to reconstruct his legal file with the help of Defendants."). To the extent that the Magistrate's ruling rested on a finding that Marr failed to use reasonable diligence after prison officials destroyed or lost his case file, that finding is certainly not clearly erroneous. *Cf. Akins v. US*, 204 F.3d 1086, 1089-1090 (11th Cir. 2000) (prisoner alleged that his facility had been under two separate lockdowns and that on one such occasion, his personal possessions, including case file, had been misplaced and not been returned to him until the section 2254 filing deadline had passed; the panel found that while he spent a portion of time in lockdown, he "failed to demonstrate that even the untimely filing of his motion was due to extraordinary circumstances that were both beyond his control and unavoidable *even with diligence*."), *discussed by Wheeler v. McNeil*, 2009 WL 1849959, *8 (N.D. Fla. June 26, 2009) (notwithstanding *pro se* prisoner's allegations that she was medically quarantined for several weeks shortly before the deadline, experienced difficulties with her blood-pressure and depression medications, and was left without useable eyeglasses for several months, court declined to equitably toll AEDPA deadline, noting that while prisoner had "alleged facts tending to show that preparation of a § 2254 petition might have been difficult or unpleasant for her at various times . . ., this does not show extraordinary circumstances, *unavoidable even with due diligence* . . . .") (emphasis added).

In short, Marr's appeal fails because he has not borne his burden of showing that the Magistrate's denial of his motion to stay the case rested on some clearly erroneous factual finding and/or some legal determination that was contrary to law.

**Finally, on September 28, 2009, defendant Foy filed a motion for summary judgment,** *see* **Doc. Nos. 79 and 80.** The Magistrate Judge granted Marr's October 7, 2009 motion for an extension of time, giving Marr until *December* 28, 2009 to file a brief opposing summary judgment, *see* Doc. No. 82.[1] Nonetheless, Marr failed to file any response to the summary-judgment motion by that date, nor did he seek a further extension of time in which to do so. Marr first attempts to raise argument in opposition to summary judgment in the form of "objections" to the R&R – along with an affidavit addressing each of his three claims – all filed several *weeks* after his response on summary judgment was due, and crucially, *after* the Magistrate Judge examined the issues and issued her Report. This purported objection is inappropriate at this late juncture, and can be rejected on that basis alone.

**It is well established that a party may not raise an argument, advance a theory, or marshal evidence before a District Judge that was not fairly presented to the Magistrate Judge.** "In *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000), the Sixth Circuit held that a party is not permitted to raise a new argument, for the first time, in objections to a Report and Recommendations [sic] before the District Court, and that the failure to raise the argument before the Magistrate Judge constitutes the waiver of same." *Allen v. Int'l Truck & Engine Corp.*, 2009 WL

---

[1] On October 22, 2009, the Magistrate Judge partially granted Marr's motion to compel discovery, directing defendant Foy to respond to one additional item in Marr's July 9, 2009 First Set of Interrogatories, but holding that Marr waived his objection to Foy's untimely response to the First Request for Production of Documents by failing to timely object. *See* Doc. No. 83. Foy filed a certificate of service on November 5, 2009, stating that he had mailed the required additional interrogatory response to Foy as directed. *See* Doc. No. 87.

863591, *1 (S.D. Ohio Mar. 31, 2009) (Rice, Sr. J.) (also citing, *inter alia*, *US v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)).  *Accord Brown v. Cassens Transp. Co.*, 2007 WL 4548225, *1 (E.D. Mich. Dec. 19, 2007); *Okoro v. Krueger*, 2007 WL 3333472, *2 (E.D. Mich. Nov. 7, 2007).

Having failed to file any response addressing the government's grounds for dismissal of his section 2255 motion while the Magistrate Judge was considering the matter, Marr ordinarily should not expect to be able to make arguments now that he could and should have made then. "The Magistrates Act was not intended 'to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court.'" *Jones-Bey v. Caruso*, 2009 WL 3644801, *1 (W.D. Mich. Oct. 30, 2009) (Maloney, C.J.) (quoting *Greenhow v. US*, 863 F.2d 633, 638-39 (9th Cir. 1988), *rev'd o.g. sub nom. US v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992) (*en banc*)).  *Accord In re Neurontin Products Liab. Lit.*, 433 F. Supp.2d 172, 178 (D. Mass. 2006) ("Defendants raised none of these arguments before the Magistrate Judge, and they may not raise them for the first time as objections to the Report and Recommendation.") (citing *Borden v. HHS*, 836 F.2d 4, 6 (1st Cir. 1987) ("Here the district court judge [sic] properly refused to consider an argument which could have been, but inexplicably was not, presented" to the Magistrate Judge before his issuance of an R&R)).

Nonetheless, the court would benefit from a fuller record in determining the true state of affairs regarding Marr's allegedly lost or stolen case file.  Specifically, the court should know whether the case file was truly unavailable to Marr for an extended period of time through no fault of his own, when it became unavailable, what was done to it and by whom, where was it stored or left or sent, the reasons if any why prison officials did not return the file to Marr (if applicable), and what efforts Marr made to ascertain the whereabouts of his file and have it returned? Such facts could bear on the propriety of considering the R&R as it stands, prepared by the Magistrate Judge without the benefit

of an opposition brief from Marr, or, alternatively, allowing Marr to obtain a complete case file and file a brief in opposition to summary judgment (in which case the Magistrate Judge could prepare a revised R&R).

**ORDER**

The Magistrate Judge's January 4, 2010 denial of plaintiff's motion to stay the case **[Document #92] is AFFIRMED**.[2]

No later than Friday, March 5, 2010, the defendant **SHALL** investigate and report as to the whereabouts of plaintiff's legal papers; when and where the papers were stored, moved, shipped, or left, and by whom; and the reasons, if any, why the legal papers were not returned to Marr.

This is not a final and immediately-appealable order.

**IT IS SO ORDERED this   4th   day of February 2010.**

/s/ Paul L. Maloney<br>
Honorable Paul L. Maloney<br>
Chief United States District Judge

---

[2]The following remain pending: Defendant's as-yet unopposed motion for summary judgment (Document No. 77); the R&R issued on January 4, 2010 (Document No. 93), and Plaintiff's objections thereto (Document Nos. 97-100).