UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHAEL MARR, | Case No. 1:07-cv-908

    Plaintiff, | Chief Judge Paul L. Maloney

    v. | Magistrate Judge Carmody

KARL FOY,

    Defendant.

_____

**Opinion and Order**
"*Marr 6*"

Striking Plaintiff's Purported "Objections" as Waived;
Adopting the January 4, 2010 R&R without Objection;
Granting the Defendant's Motion for Summary Judgment and Dismissing the Complaint;
Terminating and Closing the Case

    Plaintiff Michael Marr ("Marr") is incarcerated at a state correctional facility in Muskegon, Michigan, and defendant Karl Foy is employed as Classification Director and Transportation Coordinator at the maximum-security state correctional facility in Ionia, Michigan ("ICF"), where Marr was formerly incarcerated. *See* Amended Complaint filed August 2008 ("Am Comp") ¶¶ 1-2. In September 2007, Marr brought this action under 42 U.S.C. § 1983, claiming that Foy violated his First Amendment rights beginning in September 2006. Comp ¶¶ 3-5. With extensions of time, Foy moved for summary judgment in February 2008, and Marr filed an opposition brief in May 2008. In August 2008, this court granted Marr's motion for leave to amend his complaint, accepted the amended complaint for filing, *see* Doc. 34, and denied as moot Foy's motion for summary judgment

on the original complaint. In October 2008, Foy filed an answer to the amended complaint, *see* Doc. 41, and the Magistrate Judge granted Foy leave to take Marr's deposition in prison, *see* Doc. 47.

Marr's first amended complaint retains the First Amendment claim, but now also invokes the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1 *et seq.*, and the federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* Am Comp ¶¶ 3-7.

Specifically, Marr alleges that during a classification interview in the presence of two other prisoners, Foy informed him that ICF was not designated as a Level II "kosher" facility under OP-05.03.150A Attachment A, and that ICF would not provide a separate room exclusively for preparation of kosher food. Am Comp ¶¶ 5-6. Marr further alleges that Foy berated him in front of the other prisoners for twenty minutes, stating that prisoners do not have any rights and that federal judges should not kow-tow to prisoners by giving them perks like kosher meals, and making anti-Jewish comments. Am Comp ¶¶ 7-8.

Next, Marr alleges that in retaliation for exercising his First Amendment rights, Foy assigned him to the position of "midnight porter", even though Marr explained that he did not have the certification needed for that position and that working at such hours would cause him to sleep during the day (when he needed to research his case and attend religious study and worship sessions). Am Comp ¶¶ 9-11. Marr began working in the new position on September 13, 2006, causing him to miss morning "sacred meal offerings" and preventing him from conducting research in support of a direct criminal appeal (which he wanted to pursue prior to filing a habeas corpus petition). Am Comp ¶¶ 12 and 14. In November 2006, Marr's supervisor recommended that he be assigned to another job because he was incompetent at the assigned job. Foy denied the request, directed Marr to improve his performance, and responded with belittlement when Marr wrote a letter regarding

the issue. Am Comp ¶¶ 15-18.

Marr alleges that he pursued a grievance unsuccessfully, Am Comp ¶ 19, and that Foy denied his supervisor's renewed request to assign Marr to a different job, instead instructing prison staff to teach Marr the needed skills. Am Comp ¶¶ 20-21. Marr alleges that he wrote a letter in January 2007 which Foy ignored, and that he again unsuccessfully pursued a grievance. Am Comp ¶¶ 22-23. Also in January 2007, Marr was transferred from Ionia to Muskegon, and he alleges that his custodial supervisor told him that the transfer was intended to separate him and defendant Foy. *Id.* ¶¶ 24-25.

Marr expresses concern that the two negative work reports from ICF, which he characterizes as retaliatory, may adversely affect parole determinations and any possible re-sentencing by the state trial court. Am Comp ¶ 26. Marr's first amended complaint asserts claims for:

- Count One, retaliation for the exercise of First Amendment rights, Am Comp ¶ 9;

- Count Two, intentionally substantially burdening the free exercise of his religion, in violation of the First Amendment, RLUIPA, and 42 U.S.C. § 1983, Am Comp ¶ 10;

- Count Three, intentionally hindering his right of access to the courts, causing him to miss the deadline for filing a post-conviction motion in Michigan state court pursuant to MICH. COMP. LAWS § 6.500, Am Comp ¶ 11;

- Counts Four and Five, violating federal and state constitutional oaths, Am Comp ¶¶ 11-12.

Marr's amended complaint sues Foy in his individual capacity only, *see* Am Comp ¶ 2. On each of the five counts, Marr seeks $20,000 in general damages, $10,000 in compensatory damages and $5,000 in punitive damages. He also seeks a declaration that Foy violated his rights while acting under color of state law – though he sues Foy only in his individual capacity – an award of costs and interest, and a trial by jury. Am Comp, Prayer for Relief.

***Marr 1.*** In October 2007, the Magistrate granted Marr's motion for leave to proceed *in forma pauperis* ("IFP") in this matter. Marr was charged an initial partial filing fee of $4.81, but the court permitted him to proceed without payment thereof because he lacked sufficient funds to pay, directing him to pay when funds became available. Funds were not promptly debited from Marr's prison account to pay the $4.81 initial partial filing fee. Marr appealed, contending that the Magistrate's October 2007 IFP order and federal law obligated the prison to debit his account to pay the initial partial filing fee, no matter how low that causes the balance in Marr's prison account to go. In October 2008, this court agreed with Marr and reversed the Magistrate's decision regarding debiting of his prison account to pay the initial partial filing fee. *See Marr v. Foy*, No. 1:2007-cv-908, 2008 WL 6716272 (W.D. Mich. Oct. 29, 2008) (Maloney, C.J.) ("*Marr1*").

***Marr 2.*** On October 22, 2008, the Magistrate ordered that Marr submit to deposition. On November 13, 2008, Marr moved for the appointment of counsel to represent him at the deposition, alleging that he is suffering "severe depression" which impairs his cognitive abilities and will prevent him from proceeding ably against experienced state-government attorneys. The Magistrate denied Marr's motion for appointment of counsel on November 17, 2008, and Marr timely "objected" on November 28, 2008. In December 2008, this court construed Marr's objections as an appeal, and affirmed the Magistrate Judge's ruling denying Marr's motion for appointment of counsel, *see Marr v. Foy*, No. 1:2007-cv-908 Doc. 56, 2008 WL 5111849 (W.D. Mich. Dec. 3, 2008) (Maloney, C.J.) ("*Marr 2*"). *Marr 3* bears no discussion here.

***Marr 4.*** Marr moved to stay the case, alleging that during his transfers among different

correctional facilities, prison officials lost part of the legal files which he needed to file a meaningful brief in opposition to summary judgment before the Magistrate. The Magistrate declined to stay the case, and this court affirmed but did afford Marr some relief. The court wrote as follows:

> Marr identifies no precedent or logic compelling the conclusion that it is wrong to refuse to stay a fairly long-running civil case based on a prisoner's unsubstantiated allegation that prison authorities destroyed or deliberately lost his legal case file – particularly when the prisoner's credibility on the issue is severely undermined by the fantastical allegations accompanying the lost-file allegation.
>
> Moreover, the Magistrate's refusal to accept Marr's lost-file allegation as both true and sufficient to require a stay, tends to be supported by the fact that Marr does not claim that he even tried to reconstruct the allegedly destroyed file by asking this court or opposing counsel for copies of the necessary documents. *Contrast Lara v. Correctional Med. Servs., Inc.*, 2009 WL 3418203, *1 (D. Idaho Oct. 20, 2009) ("Before Defendants [prison employees] filed their motion [for summary judgment on *pro se* prisoner's section 1983 claims], Plaintiff moved for a stay, alleging that prison authorities had misplaced his case file during a transfer between facilities. Nonetheless, Plaintiff filed a response on June 9 . . . . Plaintiff later informed the court that he had not been able to reconstruct his legal file with the help of Defendants."). To the extent that the Magistrate's ruling rested on a finding that Marr failed to use reasonable diligence after prison officials destroyed or lost his case file, that finding is certainly not clearly erroneous. *Cf. Akins v. US*, 204 F.3d 1086, 1089-1090 (11th Cir. 2000) (prisoner alleged that his facility had been under two separate lockdowns and that on one such occasion, his personal possessions, including case file, had been misplaced and not been returned to him until the section 2254 filing deadline had passed; the panel found that while he spent a portion of time in lockdown, he "failed to demonstrate that even the untimely filing of his motion was due to extraordinary circumstances that were both beyond his control and unavoidable *even with diligence*."), *discussed by Wheeler v. McNeil*, 2009 WL 1849959, *8 (N.D. Fla. June 26, 2009) (notwithstanding *pro se* prisoner's allegations that she was medically quarantined for several weeks shortly before the deadline, experienced difficulties with her blood-pressure and depression medications, and was left without useable eyeglasses for several months, court declined to equitably toll AEDPA deadline, noting that while prisoner had "alleged facts tending to show that preparation of a § 2254 petition might have been difficult or unpleasant for her at various times . . ., this does not show extraordinary circumstances, *unavoidable even with due diligence* . . . .") (emphasis added).
>
> In short, Marr's appeal fails because he has not borne his burden of showing that the Magistrate's denial of his motion to stay the case rested on some clearly erroneous factual finding and/or some legal determination that was contrary to law.

*Marr v. Foy*, 2010 WL 489535, *5-6 (W.D. Mich. Feb. 4, 2010) (Maloney, C.J.) ("*Marr 4*").

**Finally, on September 28, 2009, defendant Foy filed a motion for summary judgment, *see* Doc. Nos. 79 and 80.** The Magistrate Judge granted Marr's October 7, 2009 motion for an extension of time, giving Marr until *December* 28, 2009 to file a brief opposing summary judgment, *see* Doc. No. 82.[1] Nonetheless, Marr failed to file any response to the summary-judgment motion by that date, nor did he seek a further extension of time. This court stated as follows,

> Marr first attempts to raise argument in opposition to summary judgment in the form of "objections" to the R&R – along with an affidavit addressing each of his three claims – all filed several *weeks* after his response on summary judgment was due, and crucially, *after* the Magistrate Judge examined the issues and issued her Report. This purported objection is inappropriate at this late juncture, and must be rejected.
>
> **It is well established that a party may not raise an argument, advance a theory, or marshal evidence before a District Judge that was not fairly presented to the Magistrate Judge.** "In *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000), the Sixth Circuit held that a party is not permitted to raise a new argument, for the first time, in objections to a Report and Recommendations [sic] before the District Court, and that the failure to raise the argument before the Magistrate Judge constitutes the waiver of same." *Allen v. Int'l Truck & Engine Corp.*, 2009 WL 863591, *1 (S.D. Ohio Mar. 31, 2009) (Walter Herbert Rice, Sr. J.) (also citing, *inter alia*, *US v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)). *Accord Brown v. Cassens Transp. Co.*, 2007 WL 4548225, *1 (E.D. Mich. Dec. 19, 2007); *Okoro v. Krueger*, 2007 WL 3333472, *2 (E.D. Mich. Nov. 7, 2007).
>
> Having failed to file any response addressing the government's grounds for dismissal of his section 2255 motion while the Magistrate Judge was considering the matter, Marr simply may not make arguments now that he could and should have made then.

---

[1] On October 22, 2009, the Magistrate Judge partially granted Marr's motion to compel discovery, directing defendant Foy to respond to one additional item in Marr's July 9, 2009 First Set of Interrogatories, but holding that Marr waived his objection to Foy's untimely response to the First Request for Production of Documents by failing to timely object. *See* Doc. No. 83. Foy filed a certificate of service on November 5, 2009, stating that he had mailed the required additional interrogatory response to Foy as directed. *See* Doc. No. 87.

> "The Magistrates Act was not intended 'to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court.'" *Jones-Bey v. Caruso*, 2009 WL 3644801, *1 (W.D. Mich. Oct. 30, 2009) (Maloney, C.J.) (quoting *Greenhow v. US*, 863 F.2d 633, 638-39 (9th Cir. 1988), *rev'd on other grounds sub nom. US v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992) (*en banc*)). *Accord In re Neurontin Marketing, Sales Practices, and Prods. Liab. Lit.*, 433 F. Supp.2d 172, 178 (D. Mass. 2006) ("Defendants raised none of these arguments before the Magistrate Judge, and they may not raise them for the first time as objections to the Report and Recommendation.") (citing *Borden v. HHS*, 836 F.2d 4, 6 (1st Cir. 1987) (p.c.) (C.J. Campbell, Bownes, Torruella) ("Here the district court judge [sic] properly refused to consider an argument which could have been, but inexplicably was not, presented to the magistrate in the first instance."))).

*Marr 4*, 2010 WL 489535 at *6 (final ¶ break added). In accordance with the practice of courts throughout our circuit,[2] the court could have simply declined to consider Marr's improper

---

2

*See, e.g., Wappler v. Huss*, 2009 WL 3055202, *1-2 (W.D. Mich. Sept. 18, 2009) (Neff., J.);

*Benner v. Corr. Med. Servs., Inc.*, 2009 WL 2515823, *1 (W.D. Mich. Aug. 14, 2009) (**Quist, J.**) ("Regarding exhaustion, Defendants first assert that the grievance was untimely at Step II. Defendants never raised this argument before the Magistrate Judge. Because Defendants raised it for the first time in their Objection, it is deemed waived.") (citing *Bramson v. Winn*, 136 F. App'x 380, 382 (1st Cir. 2005) and *Hicks v. Woodruff*, No. 99-6303, 216 F.3d 1087, 2000 WL 854269 (10th Cir. June 28, 2000) ("because we do not consider an issue raised for the first time in the objections to the magistrate judge's report and recommendation, we deem the issue waived"));

*Kita v. SSA*, 2009 WL 1464252, *2 (W.D. Mich. May 18, 2009) ("'[i]f the Court were to consider these untimely arguments, it would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a Recommended Ruling has issued to advance additional arguments.'") (quoting *Burden v. Astrue*, 588 F. Supp.2d 269, 279 (D. Conn. 2008) ("Regarding Burden's new argument that her headaches are debilitating because they would lead to an unacceptable number of absences for any employment for which she is qualified, this argument is waived because Burden never raised it prior to her Objection to the Recommended Ruling.")).

*King v. Zamiara*, 2009 WL 1067317, *1 (W.D. Mich. Apr. 21, 2009) (**Bell, J.**) ("Because Defendants failed to raise this argument before the Magistrate Judge, they will be deemed to have waived it."); *Mitchell v. Washtenaw Cty.*, 2009 WL 909581, *4 (E.D. Mich. Mar. 31, 2009) (**Lawson, J.**) ("Because the Defendants did not raise the collateral estoppel argument in their motion before the magistrate judge, they have waived it."); *Sheets v. Astrue*, 2008 WL 3895515, *1 (S.D. Ohio Aug. 22, 2008) (**Marbley, J.**) ("Sheets also argues that the [ALJ] failed to say what listings were applicable or why Sheets did not meet any listing either individually or in combination. [But] this argument was not raised . . . before the Magistrate Judge and therefore is waived."); *Hennessy*

"objections" document, which is nothing more than an unjustifiably untimely brief in opposition to the summary-judgment motion. Nonetheless, the court accommodated Marr as follows:

> Nonetheless, the court would benefit from a fuller record in determining the true state of affairs regarding Marr's allegedly lost or stolen case file. Specifically, the court should know whether the case file was truly unavailable to Marr for an extended period of time through no fault of his own, when it became unavailable, what was done to it and by whom, where was it stored or left or sent, the reasons if any why prison officials did not return the file to Marr, and what efforts Marr made to ascertain the whereabouts of his file and have it returned?
>
> Such facts could bear on the propriety of considering the R&R as it stands, prepared by the Magistrate Judge without the benefit of an opposition brief from Marr, or, alternatively, allowing Marr to obtain a complete case file and file a brief in opposition to summary judgment (in which case the Magistrate Judge could prepare a revised R&R).

*Marr 4*, 2010 WL 489535 at *7. The court ordered MDOC as follows:

> No later than Friday, March 26, 2010, the defendant **SHALL** investigate and report as to the whereabouts of plaintiff's legal papers; when and where the papers were stored, moved, shipped, or left, and by whom; and the reasons, if any, why the case file has not been returned to Marr.

*Marr 4*, 2010 WL 489535 at *7.

**On March 5, 2010, the defendant filed a response explaining as follows, in its entirety:**

> On October 7, 2009, the plaintiff was scheduled to be transferred from the Muskegon Correctional Facility (MCF) to the Newbury Correctional Facility (NCF) with a four-night layover at the Kinross Correctional Facility (KCF). (Affidavit of [Kinross Correctional Facility Administrative Assistant] Michael Sibbald [executed March 5, 2010], ¶ 3, attached as Exhibit A.) On October 8, 2009, the plaintiff was transferred to KCF as planned. However, some background information is necessary before discussing the transfers.
>
> On September 20, 2009, the plaintiff was moved from general population to administrative segregation. (Affidavit of [Muskegon Correctional Facility

---

*v. CIR*, 2007 WL 4357755, *2 (E.D. Mich. Dec. 5, 2007) (**Steeh, J.**) ("Petitioners object to the [R&R,] stating that the IRS failed to comply with . . . 26 C.F.R. § 1.6001-1(d) and that . . . . These objections have been waived as these issues were not raised before the Magistrate Judge.").

Transportation Room Officer] Pat McBride, ¶ 4, attached as Exhibit B). [footnote: The affidavit mistakenly states September 9.] Pursuant to this move, the plaintiff's property was taken away and placed in storage. (Exhibit B, ¶¶ 4, 5).

On September 29, 2009, per the plaintiff's request, he was permitted to retrieve legal papers from storage and have them in his cell with him. (Exhibit B, ¶ 6). Defense counsel was able to speak with the plaintiff on the phone while investigating this matter for the Court, and the plaintiff stated that these in-cell papers are what he was missing.

When the plaintiff was transferred from MCF to KCF on October 8, 2009, his property was packed up and sent out. Property is sent separately from the prisoners; they do not travel together. (Exhibit A, ¶ 8). The Property Transferred slip from MCF to KCF/NCF via LRF does not list a "plastic bag" of legal papers. (Exhibit A, ¶ 4). When the plaintiff arrived at KCF, his status was "visitor," and his property was not unpacked. (Exhibit A, ¶ 5). KCF shipped to NCF the same property that had arrived from MCF. **One of the plaintiff's footlockers was noted to be damaged**. (Exhibit A, ¶ 5).

[footnote 2] Although the prison staff did not mention this, defense counsel wonders if the missing property could have fallen through the open bottom of the damaged footlocker and remained in the property-transportation room [at Muskegon] for some time before being sent to KCF.

The plaintiff received his property at MCF on October 16, 2009. (Affidavit of [Newberry Correctional Facility corrections officer] Sergeant Parker, ¶ 3, attached as Exhibit C). However, on November 2, 2009, the plaintiff filed a grievance stating that he was missing a plastic bag of property that he'd had in segregation with him at MCF. (Exhibit C, ¶ 4). Sergeant Parker at NCF investigated the grievance. (Exhibit C, ¶ 5). On November 23, 2009, the missing bag of property arrived at NCF from KCF. (Exhibit C, ¶ 5)**. The plaintiff received the plastic bag of legal papers on November 24, 2009, and he signed off on his grievance on that date, indicating that the matter was resolved.** (Exhibit C, ¶ 5). **However, on the [February 2010] phone call between defense counsel and the plaintiff, the plaintiff stated that he is still missing some papers.**

At KCF, staff are unsure where the bag came from and when. Since it was not listed on the property Transferred slip from MCF to KCF, either (1) MCF did not send it when the plaintiff was transferred, or (2) if MCF did send it, then the Transportation Officers from MCF took the bag to another prison, not knowing that it should have been unloaded and left at KCF; since no plastic bag was listed on the plaintiff's Transferred Property slip, then even if there was a plastic bag sent from MCF, the Transportation Officers would not have known to leave it at KCF. (Exhibit A, ¶¶ 8, 9).

-9-

Doc 104 at 1-3 (boldface added, some ¶ breaks added). The defendant has filed MDOC records, which the affiants state were kept in the regular course of business, to substantiate each allegation as to the nature of the property transferred to each of Marr's facilities as described above, and the time of such transfers. *See* Doc 104, Ex A, Attachments. Also in March 2010, this court responded to the defendant's explanation as follows:

> While the court is not entirely convinced that Marr is actually still missing some of his legal documents, it will accommodate him out of fairness and an abundance of caution. The court will afford Marr three months and one week from the date of this order – which presumably will be approximately three months after he receives this order by regular first-class U.S. mail – to obtain any and all documents from his state-court proceedings which he believes he needs in order to effectively oppose summary judgment. Thereafter, the Magistrate Judge can issue a revised R&R, and the parties will have a new period in which to file objections in which they so choose.
>
> * * *
>
> No later than Friday, June 18, 2010, the plaintiff **MAY FILE** a brief in opposition to the defendant's motion for summary judgment. Further extensions will **NOT** be granted.
>
> If the plaintiff files an opposition brief, the defendant **MAY FILE** a reply brief within the time allowed by this District's Local Civil Rules, and the Magistrate Judge will prepare a revised R&R.

*Marr v. Foy*, 2010 WL 891823, *5 (W.D. Mich. Mar. 11, 2010) ("*Marr 5*"). On April 7, 2010, the defendant filed a document verifying that he sent the amended complaint and the summary-judgment motion/brief to Marr at his correctional facility by regular first-class U.S. postal service mail on April 6, 2010, *see* Doc 108. Yet the June 18, 2010 deadline for Marr to file a brief in opposition to summary judgment – to be considered in the first instance by the Magistrate Judge – passed over a month and a half ago. The court has never heard from Marr again.

**Accordingly, after all the court's efforts to accommodate Marr, he has made no**

**arguments before the Magistrate Judge in opposition to summary judgment. Based on the authorities discussed above, Marr is barred from raising as "objections" arguments which he never presented to the Magistrate Judge.** *Accord* **1ˢᵗ Circuit,** *Brown v. Apfel*, 71 F. Supp.2d 28, 35 and n.1 (D.R.I. 1999) ("This amendment [regarding alcohol or drug abuse as a factor contributing to disability] became effective . . . thus prompting the ALJ to vacate his original decision . . . which found plaintiff to be 'disabled,' so that this further determination . . . could be made in light of the amendment. [T]o the extent Plaintiff had any due process argument regarding the application of the amendment to his case, he has waived it.") (citing *Santiago v. Canon USA, Inc.*, 138 F.3d 1, 4 (1ˢᵗ Cir. 1998)), *aff'd*, No. 99-2355, 2000 WL 1451019, 230 F.3d 1347 (1ˢᵗ Cir. Sept. 28, 2000); **2ⁿᵈ Circuit**, *Hubbard v. Kelley*, – F. Supp.2d –, 2009 WL 3078578, *1 (W.D.N.Y. Sept. 24, 2009) ("'In this . . . circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.'") (quoting *Illis v. Artus*, 2009 WL 2730870, *1 (E.D.N.Y. Aug. 28, 2009) and citing *Pierce v. Mance*, 2009 WL 1754904, *1 (S.D.N.Y. June 22, 2009) ("Rule 72(b) does not provide that new claims may be raised in objections to a report and recommendation. Moreover, since new claims may not be raised properly at this late juncture, the petitioner's new claims, presented in the form of, or along with, 'objections', should be dismissed.")); **3d Circuit,** *Paul v. Astrue*, 2008 WL 2053808, *3 (M.D. Pa. May 13, 2008) ("As for plaintiff's argument that substantial evidence does not support a finding that plaintiff does not meet listings 11.07 and 107.01 . . . [he] did not raise this argument in his initial brief to the magistrate judge. * * * Thus . . . plaintiff has waived this argument."); **5ᵗʰ Circuit,** *Martin v. Barnhart*, 2004 WL 1661207, *5 (E.D. La. July 23, 2004) ("Before the Magistrate Judge, Martin merely argued [for] remand . . . based on

'new and material' evidence. Because Martin failed to raise these *legal* arguments before the magistrate judge, she has waived them absent compelling reasons for failing to do so . . . .") (citing, *inter alia*, *Freeman v. Bexar Cty.*, 142 F.3d 848, 851-52 (5th Cir. 1998)); **7th Circuit**, *Zendejas v. Reel Cleaning Servs.*, 2009 WL 2431299, *8 (N.D. Ill Aug. 6, 2009) ("Arguments not raised before a magistrate judge and raised for the first time in the objections filed before the district judge are waived.") (citing *US v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000)); **8th Circuit**, *Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000) (citing *Reciprocal Exchange v. Noland*, 542 F.3d 462, 464 (8th Cir. 1976)); **9th Circuit**, *US v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000) ("To require a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court."); **10th Circuit,** *Rothwell v. Barnhart*, 2006 WL 1789157, *1 (D. Kan. June 27, 2006) ("Plaintiff argues that the ALJ listed several reasons to support his credibility finding, but except for . . . activities of daily living, the ALJ did not provide specific support for each reason. Because plaintiff did not raise this issue before the magistrate judge, he may not seek review of the . . . [R&R] on this ground.") (citing, *i.a.*, *US v. Garfinkle*, 261 F.3d 1030, 1031 (**10th Cir.** 2001)); **11th Circuit**, *Williams v. McNeil*, 557 F.3d 1287, 1290-92 (11th Cir.) (affirming district court's refusal to entertain arguments which were raised for the first time in objections to an R&R rather than in briefs before the Magistrate Judge), *cert. denied*, – U.S. –, 129 S.Ct. 2747 (2009).

**Plaintiff thus having presented no objections that are properly before this court, review of the R&R is unnecessary.** As the Supreme Court held in *Peretz v. US*, 501 U.S. 923 (1991),

> The statutory provision we upheld in *Raddatz* [447 U.S. 667 (1980)] provided for *de novo* review only when a party objected to the magistrate's findings or recommendations. *See* 28 U.S.C. § 636(b)(1). To the extent *de novo* review is required to satisfy Article III concerns, it need not be exercised unless requested by

the parties.

*Id.* at 939 (citation and internal quotation marks omitted). *See, e.g., Johnson v. SSA*, 2007 WL 2292440, *1 (N.D. Ohio 2007) ("The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the Report to which an objection has been made."). Furthermore, the failure to file timely *specific* objections obviates not only *de novo* district-judge review of the R&R, but *all* district-judge review. *Nottingham v. SSA*, 2009 WL 230131, *2 (W.D. Mich. Jan. 29, 2009) (Maloney, C.J.). The Supreme Court has explained that in 1976,

> Congress amended § 101 of the Federal Magistrates Act, 28 U.S.C. § 636, to provide that a United States district judge may refer dispositive pretrial motions, and petitions for writs of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions. The amendments also provide that any party that disagrees with the magistrate's recommendations "may serve and file written objections" to the magistrate's report, and thus obtain *de novo* review by the district judge.
>
> * * *
>
> Petitioner first argues that a failure to object waives only *de novo* review, and that the district judge must still review the magistrate's report [regarding the case-dispositive matters listed in § 636(b)(1)(A)] under some lesser standard. However, § 636(b)(1)(c) simply does not provide for such review. This omission does not seem to be inadvertent, because Congress provided for a "clearly erroneous or contrary to law" standard of review of a magistrate's disposition of certain pretrial matters in § 636(b)(1)(A) [essentially, non-dispositive motions]. Nor does petitioner point to anything in the legislative history of the 1976 amendments mandating review under some lesser standard. *We are therefore not persuaded that the statute requires some lesser review by the district court when no objections are filed.*

*Thomas v. Arn*, 470 U.S. 140, 141-42, 149-50 (1985) (emphasis added, legislation citation omitted).[3]

---

[3]

As the Supreme Court has said, "It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo *or any other standard*, when neither party objects to those findings." *Thomas*, 474 U.S. at 150.

Accordingly, judges in our district consistently adopt R&Rs without additional analysis where the parties have not timely and specifically objected. *See, e.g.,*

*Stevenson v. Pramsteller*, 2009 WL 1883878 (W.D. Mich. June 30, 2009) (Bell, J.)

-13-

Indeed, at least one Sixth Circuit panel has held that undertaking *de novo* review of an R&R in the absence of proper objection is not only unnecessary but also *inappropriate*. *See Curry v. City of Mansfield, Ohio*, No. 98-3518, 201 F.3d 440, 1999 WL 1206227, *1 (6th Cir. Dec. 8, 1999) (p.c.) (Ryan, Suhrheinrich, Chief D.J. Bell) (faced with unavailing general objections, "[t]he district court's *sua sponte de novo* review duplicated the work of the Magistrate, contravening the purposes of the Magistrate's Act . . . . To permit an appeal would violate this court's clearly established waiver rule and would *further* frustrate the purpose of the Federal Magistrate's Act.") (emphasis added).

---

*Banks v. Davis*, 2009 WL 1874093 (W.D. Mich. June 26, 2009)     (Quist, J.)
*Martin v. Smith*, 2008 WL 4151352 (W.D. Mich. Sept. 3, 2008)     (Enslen, J.)
*US v. Bale*, 2008 WL 4534420 (W.D. Mich. Oct. 2, 2008)     (Edgar, J.)
*Lee v. Caruso*, 2008 WL 2859212 (W.D. Mich. July 22, 2008)     (Miles, J.)

*Accord Allen v. Hudson*, 2009 WL 1649312 (N.D. Ohio June 10, 2009)     (Sara Lioi, J.)
*Schlatter v. Jeffries*, 2009 WL 73736 (N.D. Ohio Jan. 8, 2009)     (Ann Aldrich, J.)

-14-

## ORDER

Plaintiff's "objection" and affidavits **[Docs 97, 98, 99 and 100] are STRICKEN**.

The R&R issued on January 4, 2010 [**Doc #93**] is **ADOPTED** without objection.

Defendant's motion for summary judgment [**Doc #77**] is **GRANTED**.

The complaint is **DISMISSED**.

The separate judgment required by FED. R. CIV. P. 58 will be entered contemporaneously.

This is a final order, but it may be unappealable under the circumstances.

**IT IS SO ORDERED this 3rd day of August, 2010.**

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge